UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No. 8:12-cv-205-T-17MAP

DEONTE JAMAL MARTIN, et al.
_____/

## ORDER

This matter is before the Court on Defendant's, DEONTE JAMAL MARTIN, Motion for Reconsideration of Accelerated Trial Date and Request for *Ex Parte, In Camera* Hearing, (Doc. # 339), filed July 16, 2015, the Government's Response, (Doc. # 344), filed July 23, 2015, Defendant's, JERRY W. GREEN, JR., Motion to Continue Trial, (Doc. # 341), filed July 23, 2015, the Government's Response, (Doc. # 348), filed July 30, 2015, and the remaining Defendants' motions to adopt. (Docs. ## 349, 350, 351, 354). For the reasons that follow below, the motions are **DENIED without prejudice**.

## BACKGROUND

On May 29, 2014, the Government returned in open court the Second Superseding Indictment charging each defendant with engaging in a RICO conspiracy. (Doc. # 82 at ¶¶1–3). "The principal purpose of the Enterprise was to generate money for its members through the commission of various criminal activities, including criminal acts involving the felonious manufacturing, receiving, concealing, buying, selling and otherwise dealing in controlled substances, robbery and other acts of violence." (Doc. # 82 at ¶2). The Defendants allegedly furthered these illegal activities with threats involving violence, ranging from assault to murder. (Doc. # 82 at ¶2). Defendants

Martin's and Green's specific alleged role as members of the Enterprise included distributing controlled substances for the Enterprise and participating in acts of violence, including murder, (Doc. # 82 at ¶3(d), ¶3(f)). As alleged, the Defendants essentially operated a drug-dealing enterprise engaged in robberies, kidnappings, and murders.

On June 10, 2014, authorities arrested Defendant Martin, (Doc. # 119), advised of the charges against him on June 18, 2014, and he rejected the assistance of an attorney at that hearing. (Doc. # 127). The following day the Court appointed attorney Mr. Kevin Beck as primary counsel. (Doc. # 129). On June 20, 2014, the Court entered its Pretrial Discovery Order and Notice of Trial and Status Conference, outlining the obligations for both the Government and the Defendant with respect to discovery, motions deadlines, and notice requirements. (Doc. # 133). On July 9, 2014, Mr. Beck moved for the unopposed appointment of co-counsel pursuant to 18 U.S.C. § 3005, (Doc. # 154), which, after conducting a hearing on the merits, (Doc. # 174), the Court granted July 22, 2014. (Doc. # 182). The following day Mr. Steven H. Malone appeared as co-counsel for Defendant. (Docs. ## 185, 191). The procedural posture for arrests, arraignments, and appointments of counsel is substantially similar for the remaining Defendants. Before September 2014, the Court appointed a coordinating discovery attorney for the benefit of a centralized electronic database. (Doc. # 213).

The Court held status conferences on September 30, 2014, October 31, 2014, November 21, 2014, January 5, 2015, and February 13, 2015. (Docs. ## 220, 249, 254, 268, 280, 282). On May 22, 2015, the Court held a status conference wherein counsel were notified a date certain trial was set for June 6, 2016, over unanimous objection. (Doc. # 322). At the May 22, 2015 status conference, the attorneys requested the

opportunity to respond to the Court's new trial date via motion, which the Court granted.

After the status conference, the Government notified counsel for Defendants the date

for presentation of a non-authorization package to the U.S. Attorney for the Middle

District of Florida was accelerated to July 31, 2015, and later to August 31, 2015.  As of

the date of entering this Order, counsel for Defendant Martin and counsel for Defendant

Green filed motions to reconsider and modify the date certain trial, (Docs. ## 339, 441,

respectively), to which the Government responded on July 23, 2015, and July 30, 2015,

respectively.    (Doc. # 344, 348).    Counsel for the remaining Defendants adopted

Defendants' motions.  (Docs. ## 349, 350, 351, 354).  The bases include:

1.  Acceleration of the mitigation submission deadline will increase the likelihood of an authorization to seek death, lead to a reduction of the reliability of the ultimate death sentencing decision, and will result in a greater expenditure of funds;
2.  Acceleration of the trial date removes the opportunity for counsel to effectively present arguments in mitigation to the Government and increases the likelihood of authorization;
3.  Every task associated with a death-eligible case is more difficult and time consuming;
4.  Current budgets do not take into consideration the costs associated with proceeding to trial as an authorized case;
5.  The current timetable includes significantly less time than the average capital case, in a case that is much more complex than the "average" case;
6.  If the Court allowed more time, it is likely that the Defendants will not be authorized for capital prosecution, resulting in substantial cost savings and heightened reliability;
7.  Each counsel and mitigation specialist has other commitments;
8.  The accelerated trial date adversely impacts required case investigation and preparation, as well as development of the attorney-client trust and mitigation;
9.  The factual complexity and voluminous discovery distinguish this case;
10. Prior violent incidents which the Government may raise in aggravation necessitate thorough investigation;

11. Prior unadjudicated conduct which the Government may raise in aggravation necessitate thorough investigation;

12. A substantial portion of the Government's case is based on cooperating witnesses referred to as "snitches." Should the Defendants proceed to trial without sufficient advanced time to investigate the "snitches," the Defendants will be deprived of Constitutional rights; and

13. Effective assistance of counsel includes sufficient time to investigate all witnesses who might have information concerning a defendant's innocence or guilt, and without that time, the Defendants will be deprived of Constitutional rights.

## DISCUSSION

A motion for continuance of a trial date is decided on a case-by-base basis in light of the circumstances presented, particularly the reasons for the continuance presented to the Court at the time the request is considered. *See U.S. v. Fernandez*, 553 Fed.Appx. 927, 933 (11th Cir. 2014). Courts often consider the timeliness of the request for continuance; the reasons for which the continuance is sought; the length of the requested delay; the number of continuance previously granted; and the general balance of convenience to the Court and the parties. The burden rests with the party requesting continuance to persuade the Court to change the trial date. Additionally, to determine adequate time for preparation, courts analyze the quantum of time available, the likelihood of prejudice from denial, the accused's role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution. *U.S. v. Uptain*, 531 F.2d 1281, 1286 (11th Cir. 1976).

Defendants' motions are primarily based on speculation and focus on the actions of the Government outside the authority of this Court. Counsel for Defendant Martin mentions an unspecified number of cases and upcoming anticipated trials, which would preclude counsel from attending to this case; the time an attorney-client relationship

takes to develop; and the voluminous amount of discovery.  (Doc. # 339).  While counsel recites numerous sources indicating death cases are different and more time should be afforded, counsel fails to provide application of those concepts to the present facts and circumstances.  Counsel represents that this case will require extraordinary preparation, but fails to provide any measure of the preparation already expended or the anticipated time for preparation moving forward.

Counsel provides, however, one particularly noteworthy statistic: the average time between indictment of a defendant for a capital crime and the notice of intent to seek the death penalty is 16.1 months.  (Doc. # 339 at 6).  Calculating the time between the date of the Second Superseding Indictment—May 29, 2014—and the deadline for Defendants' presentation for non-authorization—August 31, 2015—results in 459 days, or 1 year, 3 months, and 2 days, neither of which include the end date.  The time for which all counsel are afforded to prepare for the non-authorization presentation is consistent with the national averages.  Should the Government elect to abandon the death penalty, the remainder of that statistic concerning the average time from notice of intent to seek the death penalty and the trial date is a non-issue, but currently is at best speculative and conjecture, and fails to meet the burden for continuance.

The Court has considered the complexity of this case and the volume of discovery; however, the Government provided approximately 90 percent of the discovery on or before February 13, 2015.  Further, the Government met with counsel for all Defendants and provided a detailed presentation of the evidence of violent crimes the Government anticipates it will introduce at trial.  This presentation consisted of 295 PowerPoint slides and 148 written pages, and was presented orally with written copies

provided to counsel.  Moreover, the Government offered to provide reports of witness interviews, subject to protective order that forbade disclosure of their identities to assure their safety, to which counsel exercised their rights of rejection.  While discovery is still ongoing and the Defendants note the Government has recently produced more than 100 discs full of data, the Government—in its sole discretion—elected to accelerate the presentation date, and has represented to the Court time and attention will be provided for presentations Defendants may submit to the Department of Justice Capital Case Committee, apart from the presentations to the United States Attorney for the Middle District of Florida.  (Docs. ## 344 at 4, 348 at 4).

There is no one-size-fits-all answer to the question of how much time is necessary to adequately prepare a complex case for trial.  The length of time between arrest and presentation for non-authorization corresponds with national averages and is adequate given the circumstances of this case.  Defendants have not alleged specific prejudices; that less time is available than expected does not mean the available time is necessarily inadequate.  Should the prejudices become concrete, identifiable, specific prejudices, this Court will address those matters as they materialize; however, given the speculative nature of these motions and the general argument that advancing the trial will require counsel to work more in a shorter timeframe, this Court cannot find that Defendants carried their burden for continuance, and the motions must be denied.

Accordingly, it is **ORDERED** that Defendants' requests to modify the trial date are **DENIED without prejudice**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this _3/st_ day of July, 2015.

Elizabeth A. Kovachevich
United States District Judge

Copies to:    All parties and counsel of record