UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:12-CR-205-T-17MAP

ANGEL VILLANEUVA, et al.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 474 | Joint Motion in Limine to Exclude Rap Videos and Lyrics |
| Dkt. 475 | Joint Motion for Hearing on Joint Motion in Limine to Exclude Rap Videos and Lyrics |
| Dkt. 481 | Supplemental Motion in Limine to Exclude Rap Videos and Lyrics |
| Dkt. 563 | Response |

Defendant Deonte Jamal Martin and other Defendants (Nathaniel Harris, Napoleon Harris, Charlie L. Green, Jerry W. Green Jr. and Corey Deonta Harris) move to exclude rap videos and lyrics performed by Defendant Martin and others. Defendant Martin asserts that one video in which Defendant Martin appears will be offered as an admission to commission of murder for hire, and that the videos which have been provided by the Government will be offered to demonstrate the association between Defendants.

Defendant Martin moves to exclude part of the "Jerk G Cypher Part I" video, "Lil' Tang's Rap," which Defendant Martin believes will be offered as an admission to commission of a murder for hire.

Defendant Martin moves to exclude part of the Boss 5C_Bradenton Flow Session, which includes "Tang's Rap."

Case No. 8:12-CR-205-T-17MAP

Defendant Martin moves to exclude "Get Dis Paper" which includes lyrics sung by Defendant Charlie Green, and which includes a simulated drug transaction.

Defendants argue that the rap lyrics are fictional accounts, but studies show that people are likely to believe that the lyrics are truthful if sung in rap videos, and that courts recognize the prejudice of admitting rap videos. Defendants argue that the rap videos and lyrics are protected by the First Amendment and cannot be used as a basis for prosecution.

Defendant Martin argues that the videos contain explicit lyrics that are irrelevant to the charges. Defendants contend that the rap videos and lyrics should be excluded pursuant to Fed. R. Ev. 403 and 404(b); Defendants argue that the prejudice of the introduction of the rap videos far outweighs their probative value. Defendants further assert that much in the videos is inadmissible hearsay. Defendants rely on United States v. Gamory, 635 F.3d 480, 493 (11th Cir. 2011).

In the Supplemental Motion, Defendant Jerry W. Green, Jr. directs the Court's attention to specific instances where the danger for unfair prejudice is great.

The Government opposes the Joint Motion. The Government argues that the Joint Motion should be denied because the contested evidence is relevant, admissible, and possesses a probative value that is not substantially outweighed by the danger of unfair prejudice. The Government alternatively proposes that the Court deny Defendants' Motions without prejudice, and revisit the admissibility of the videos on a case-by-case basis using the proposed procedure outlined in paragraphs 37-40.

The procedure proposed by the Government follows:

Case No. 8:12-CR-205-T-17MAP

1. By noon on the trial on the trial day immediately preceding the trial day the Government intends to introduce the video excerpt, the Government shall provide the excerpts and transcript of the Enterprise Video it seeks to introduce, and proffer the specific bases for the excerpt's relevance and its probative value;

2. The following morning, the Court will conduct a brief hearing on the admission of the evidence;

3. If the Court admits the video evidence or portions thereof, the Government consents to a limiting jury instruction that the evidence is not to be considered for any improper purpose. (Fed. R. Ev. 105).

After consideration, the Court denies the Joint Motion in Limine to Exclude Rap Videos and Lyrics (Dkt. 474), and the Supplemental Motion in Limine to Exclude Rap Videos and Lyrics (Dkt. 481) without prejudice, and will use the procedure proposed by the Government as to each item of video evidence that the Government seeks to introduce at trial. Accordingly, it is

**ORDERED** that the Joint Motion in Limine to Exclude Rap Videos and Lyrics (Dkt. 474) and the Supplemental Motion in Limine to Exclude Rap Videos and Lyrics (Dkt. 481) are **denied without prejudice.** The Joint Motion for Hearing (Dkt. 475) is **denied as moot.** The Court will use the procedure proposed by the Government as to each item of video evidence that the Government seeks to introduce at trial.

Case No. 8:12-CR-205-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 13th day of June, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record