UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:12-CR-205-T-17MAP

NATHANIEL HARRIS, et al.

_____/

ORDER

This cause is before the Court on:

Dkt. 891   Memorandum in Opposition (Charlie L. Green)
Dkt. 892   Motion for Instruction (Charlie L. Green)
Dkt. 893   Motion for Protective Order (Government)
Dkt. 896   Report and Recommendation

The assigned Magistrate Judge has conducted hearings on June 13, 2016 and June 14, 2016 as to the Motion for Protective Order, and has entered a Report and Recommendation as to disposition of the Motion for Protective Order, which includes the following recommendations:

1. The Defendants' lockdown (which has been in place since this issue came to light) be lifted be lifted to the extent outlined in this Report.

2. The Court admonish counsel that the Protective Order remains in full force and effect. To ensure compliance with the Protective Order, defense counsel and the government should be directed to promptly identify those protected reports of investigation (and their digital identifiers) that are the subject of Protective Order and particularly the seven-day disclosure subset.

3. The Court should admonish the Defendants that they are strictly prohibited from exchanging any written materials with each other in the courtroom and the Court should direct the Marshal to monitor such behavior.

Case No. 8:12-CR-205-T-17MAP

4. Defense counsel should be directed to clearly mark and identify any hard copy of a protected document, should segregate that document in a clearly identifiable folder or binder, and must keep that folder or binder from a Defendant until the Protective Order allows its disclosure.

5. Because access to the digital media does not allow such an easy fix, defense counsel should be admonished to abide by the Protective Order and to screen digital documents before disclosure to a Defendant to ensure that the document so disclosed is not covered by the Protective Order.

6. No Defendant should have any contact (either direct or indirect) with an alleged victim of a crime or with a potential witness who may testify concerning the case. Any contact with a witness or victim is to be made through defense counsel or a member of the Defendant's legal team. The Defendants are specifically advised that intimidating witnesses, jurors, and officers of the court, or obstructing justice, or tampering with a witness, victim, or informant, or retaliating against a witness, victim, or informant are all violations of federal law subject to fine and imprisonment or both.

7. Each Defendant is to provide the United States Marshal within five days a list of five individuals he wishes to call from the jail or see at the jail (excluding defense counsel and members of the defense team). Each list is to be screened by the government. If the government objects to a particular individual, it should submit its reasons to the Court as appropriate; otherwise, that list should be forwarded to the jail authority for compliance through the Marshals Service. Until a Defendant's contact is authorized, that Defendant is prohibited from calling or seeing that contact. If the government contends that these restrictive conditions (or any other restrictive conditions) will not ensure the Defendant's compliance, the government may renew its motion for holding that Defendant in administrative segregation (or lockdown) for the duration of the trial or for such limited time as to satisfy the legitimate need the government puts forth. In making such a motion, the government is to proffer the testimony of the relevant jail authority or deputy United States Marshal with information regarding the futility of restrictions.

8. A Defendant's jail calls to an approved individual or his jail visit with an approved individual is to occur in accordance with the rules and policies of the jail.

Case No. 8:12-CR-205-T-17MAP

9. Any Order the Court issues should not be viewed by jail authorities as limiting their authority to impose suitable restrictions on any Defendant for either a violation of custodial rules and policies or for a legitimate custodial reason.

The Report and Recommendation provides for a shortened period of time of two days to file written objections to the proposed findings and recommendations. Due to the exigency of the situation, the Court will rule on the Report and Recommendation immediately, and any challenge to the Report and Recommendation can be raised by seeking relief as to the Order on the Report and Recommendation.

After consideration, the Court adopts and incorporates the Report and Recommendation by reference. Accordingly, it is

**ORDERED** that the Report and Recommendation is **adopted and incorporated** by reference. The Motion for Protective Order (Dkt. 893) is **granted** as provided in this Order. The Motion for Instruction (Dkt. 892) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this ___ day of June, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
U.S. Marshal

3