UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:12-CR-205-T-17MAP

ANGEL VILLANUEVA, et al.

_____/

ORDER

This cause is before the Court on:

Dkt. 814    Motion in Limine (Nathaniel Harris)
Dkt. 819    Response

Defendant Nathaniel Harris moves in limine to prevent evidence obtained by law enforcement from cell phones illegally seized from Defendant to be used at trial.

Defendant Nathaniel Harris alleges that Defendant Harris was arrested on November 2, 2010 for driving on a suspended license; at that time, two cell phones in the possession of Defendant Nathaniel Harris were seized. Defendant Harris alleges that Defendant Harris attempted to retrieve the phones, but law enforcement did not return the cell phones. Defendant Harris argues that law enforcement thereby illegally seized the cell phones. Defendant Harris argues that the search warrant that was subsequently obtained did not legitimize the seizure and failure and failure to return the cell phones to Defendant Harris.

Defendant Harris requests that the contents of the two cell phones (texts and photographs) not be allowed as evidence at the trial of this case. Defendant Harris argues that the contents of the two phones are irrelevant, but even if the contents of the two cell phones is relevant, any probative value is far outweighed by the unfair prejudice it provides.

Case No. 8:12-CR-205-T-17MAP

The Government opposes Defendant Harris's Motion in Limine because: 1) Defendant Harris's claims that law enforcement illegally retained the cell phones are unfounded; and 2) Defendant Harris fails to provide a single fact in support of Defendant's contention that the evidence on the phones is irrelevant or unfairly prejudicial.

As to the claim of Defendant Harris that the two cell phones were retained illegally in the face of efforts by Defendant Harris to collect them, Defendant does not cite any articulable effort that Defendant Harris made, on any date, to retrieve the cell phones, and the Government has been unable to locate any evidence of such efforts.

As to the claim of Defendant Harris that the evidence on the cell phones is irrelevant, or that its relevance is "far outweighed by the unfair prejudice it provides," the Government disagrees. The Government argues that there is relevant and valuable evidence on both cell phones. The cell phones contain: 1) photographs of a firearm being held to the head of an unindicted co-conspirator; 2) photographs showing large amounts of cash being held by Defendant Nathaniel Harris himself; 3) many drug-related text messages; and 4) contact information for co-conspirators. The Government argues that this electronic information is direct evidence of the conspiracies charged in Counts 1 and 2.

The Government requests that the Court deny Defendant Harris's Motion in Limine; in the alternative, the Government proposes that the Government will lay the foundation for the admission of the evidence at trial, including the propriety of the retention of the cell phones. The Court may then rule on the admission of the evidence outside the presence of the jury. The Government further proposes that Defendant Harris should identify the aspects of the evidence that may be unfairly prejudicial at that time; the Court may rule on that issue outside the presence of the jury.

Case No. 8:12-CR-205-T-17MAP

After consideration, the Court denies Defendant Nathaniel Harris's Motion in Limine. The Court will take a proffer and rule on all issues as to the admission of the evidence on the two cell phones at trial, using the procedure proposed herein. Accordingly, it is

**ORDERED** that Defendant Nathaniel Harris's Motion in Limine (Dkt. 814) is **denied**; the Court will take a proffer outside the presence of the jury and rule on all issues as to the admission of the evidence on Defendant Harris's two cell phones at trial.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 22nd day of June, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record