UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:12-CR-205-T-17MAP

ANGEL VILLANUEVA, et al.

_____/

ORDER

This cause is before the Court on:

Dkt. 814   Motion in Limine (Nathaniel Harris)
Dkt. 859   Response
Dkt. 915   Order

On July 11, 2016, and July 12, 2016, the Court took a proffer of the testimony of the Government's witness, Detective Steve Ives.

After the proffer, the Court heard oral argument on Defendant Nathaniel Harris's Motion in Limine, which was limited to alleged illegal seizure of the cell phones. Oral argument was not directed to any issue of unfair prejudice.

Defendant Nathaniel Harris argued that the two cell phones were illegally seized at the time of Defendant Harris's arrest on November 3, 2010. Defendant Harris argued that the only basis for the seizure of the two cell phones was Manatee County's suspicion that the cell phones might be relevant to an investigation, and that once the cell phones were released to the Property Room, there is no evidence that Manatee County attempted to contact Defendant Harris to notify him that Defendant Harris could retrieve the two cell phones. In the Motion, Defendant Harris argued that Defendant Harris quickly bonded out of jail, but, despite various efforts by Defendant Harris to retrieve the phones, law enforcement did not return them, thereby illegally seizing the

Case No. 8:12-CR-205-T-17MAP

phones. Defendant Harris argued that the search warrant executed years later did not legitimize the seizure of the two cell phones, and the failure to return the phones to Defendant Nathaniel Harris. Defendant Harris argued that the absence of formal notice to Defendant Harris justifies exclusion of the contents of the two cell phones (texts and photographs).

The Government responded that the two cell phones were lawfully seized. Defendant Harris was arrested on November 3, 2010, and Defendant's car was impounded. The Government argued that Manatee County, upon determining that there was no probable cause to search the two cell phones, released the two cell phones to the Property Room. This was shown by the Property Receipt and the email of November 5, 2010 to the Property Room. The Government argued that there is no record of any request by Defendant Harris to retrieve his property; the only documented request is ATF's request for the cell phones, incident to ATF's execution of the search warrant obtained years later. The Government argued that where the two cell phones happened to be at the time of the execution of the lawful search warrant, which was supported by probable cause, was irrelevant.

After consideration, the Court determined that, even if the Court assumed that there was no proper basis to seize the two cell phones at the time of Defendant Harris's arrest, Manatee County soon determined that Manatee County had no basis to keep the cell phones, and followed its procedures. The procedure to return property to its owner was that the Property Room Clerk would notify the owner via the contact information provided on the Property Receipt. Manatee County sent the two cell phones to the Property Room, from which Defendant Harris could have retrieved them. In effect, Manatee County abandoned the two cell phones to the Property Room, where they remained. Two years passed. Federal authorities then obtained a search warrant pursuant to legitimate authorization.

Case No. 8:12-CR-205-T-17MAP

The Court determined that the U.S. Attorney's Office and agents were not at fault, and what, if any, action Defendant Harris may have taken against Manatee County is a separate matter. The Court overruled the objection of Defendant Nathaniel Harris to the admission of texts and photographs from the two cell phones. Accordingly, it is

**ORDERED** that the renewed Motion in Limine of Defendant Nathaniel Harris (Dkt. 814) based on the proffer of the testimony of Detective Steve Ives is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 12th day of July, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record