UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

NATHANIEL HARRIS

Case Number. 8:12-cr-205-T-17MAP
USM Number: 58151-018

Daniel Mario Hernandez, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty to Counts One, Special Sentencing Allegations Thirty-One through Thirty-Five of Count One, and Counts Two and Five through Fourteen of the redacted Second Superseding Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | RICO Conspiracy | May 29, 2014 | One |
| 21 U.S.C. §§ 846, 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(D) | Conspiracy to Distribute and to Possess with the Intent to Distribute Less than 50 Kilograms of Marijuana, 5 Kilograms or More of Cocaine, and at Least 28 Grams of Cocaine Base | May 29, 2014 | Two |
| 18 U.S.C. §§ 924(c), 924(c)(1)(A)(iii), 924(j)(1), and 2 | Discharging a Firearm During a Crime of Violence Causing Death | October 26, 2010 | Five |
| 18 U.S.C. §§ 924(c), 924(c)(1)(A)(iii), 924(j)(1), and 2 | Discharging a Firearm During a Crime of Violence Causing Death | October 26, 2010 | Six |
| 21 U.S.C. §§ 856(a)(1) and 856(b), and 18 U.S.C. § 2 | Maintaining a Place for the Purpose of Manufacturing or Distributing Controlled Substances | April 13, 2011 | Seven |
| 18 U.S.C. §§ 924(c), 924(c)(1)(A)(i), and 2 | Possessing a Firearm During Drug Trafficking Crimes | April 13, 2011 | Eight |
| 18 U.S.C. §§ 924(c), 924(c)(1)(A)(ii), and 2 | Brandishing a Firearm During a Crime of Violence | August 26, 2011 | Nine |
| 18 U.S.C. §§ 924(c), 924(c)(1)(A)(iii), and 2 | Brandishing and Discharging a Firearm During a Crime of Violence | October 30, 2011 | Ten |
| 18 U.S.C. §§ 922(g)(1) and 2 | Felon in Possession of Ammunition | October 30, 2011 | Eleven |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 | Possession with Intent to Distribute Cocaine or Cocaine Base | November 2, 2011 | Twelve |
| 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 | Possessing a Firearm During Drug Trafficking Crimes | November 2, 2011 | Thirteen |
| 18 U.S.C. §§ 922(g)(1) and 2 | Felon in Possession of Firearms or Ammunition | November 2, 2011 | Fourteen |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on Count Four of the redacted Second Superseding Indictment. The counts of the underlying indictment(s) are dismissed on government's motion.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Nathaniel Harris
8:12-cr-205-T-17MAP

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

January 17, 2017

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

January 18, 2017

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Nathaniel Harris
8:12-cr-205-T-17MAP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **LIFE**.  This term consists of **LIFE** on Counts One and Two, **TWENTY (20) YEARS** on Counts Seven and Twelve, and **TEN (10) YEARS** on Counts Eleven and Fourteen, all such terms to run concurrent; **LIFE** on Count Five, consecutive to Counts One, Two, Seven, Eleven, Twelve, and Fourteen; **LIFE** on Count Six, consecutive to Count Five; **TWENTY-FIVE (25) YEARS** on Count Eight, consecutive to Count Six; **TWENTY-FIVE (25) YEARS** on Count Nine, consecutive to Count Eight; **TWENTY-FIVE (25) YEARS** on Count Ten, consecutive to Count Nine; and **TWENTY-FIVE (25) YEARS** on Count Thirteen, consecutive to Count Ten.

Defendant requests the following of the Bureau of Prisons:
1. Incarceration as near Tampa Bay as possible.
2. Full psychological evaluation and provide reports available to him (defendant).
3. Evaluation of his academic/vocational needs.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **FIVE (5) YEARS.** This term consists of a **FIVE (5) YEAR** term as to Counts One, Two, Five, Six, Eight, Nine, Ten, and Thirteen; and a **THREE (3) YEAR** term as to Counts Seven, Eleven, Twelve, and Fourteen, all such terms to run **concurrently**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

Nathaniel Harris
8:12-cr-205-T-17MAP

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature:_____          Date:_____


AO 245B (Rev. 11/16) Judgment in a Criminal Case

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall submit to a search of your person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

2. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $1,200.00 | N/A | Waived | $8,000.00 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority of percentage** |
|---|---|---|---|
| Pedro Seabrooks | $8,000.00 | $8,000.00 | |

## SCHEDULE OF PAYMENTS

Defendant shall pay restitution in the amount of $8,000 to Pedro Seabrooks. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victim. Restitution shall be paid jointly and severally with Napoleon Harris. While in Bureau of Prisons custody, defendant shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of his monthly earnings if you have a Unicor job. Upon release from custody, your financial circumstances will be evaluated, and the Court may establish ha new payment schedule accordingly. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly. **The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

**Nathaniel Harris**
**8:12-cr-205-T-17MAP**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case