UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 8:12-cr-205-SDM-SPF

NATHANIEL HARRIS

**UNITED STATES' RESPONSE TO NATHANIEL
HARRIS'S MOTION FOR RETURN OF MONEY**

The United States agrees that Nathaniel Harris should be reimbursed $890 but

opposes his request for further relief (totaling $1,465) because his accounting is

incorrect. *See* Doc. 1501. Harris has paid $2,090 toward his criminal monetary

penalties which, in large part, have since been vacated. All the funds, however, have

been disbursed: $800 satisfied his special assessment; $890 was disbursed to the non-

federal victim; and $400 was returned to Harris. In support of the position that Harris

is entitled to $890—which this Court must order for the Clerk to reimburse him—the

United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I.     BACKGROUND

In 2018, at Harris's original sentencing, this Court ordered him to pay $9,200

in criminal monetary penalties, imposing an $1,200 special assessment and $8,000 in

joint-and-several restitution. Doc. 1284. Harris failed to pay his $1,200 special

assessment immediately as ordered. *See* Doc. 1388 at 48; Doc. 1276 at 2. He

defaulted, and the United States began lawfully collecting on his judgment.

Notwithstanding his appeal, Harris's judgment was final and enforceable. 18 U.S.C. § 3664(o). Both the Mandatory Victims Restitution Act (MVRA) and the CVRA require that the United States timely collect restitution for victims. 18 U.S.C. § 3572(d)(2) (MVRA's goal of full payment of restitution in the shortest time possible); 18 U.S.C. 3771(a)(6) (CVRA entitles victims to full and timely restitution); *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007), *citing United States v. Phillips*, 303 F.3d 548, 550–51 (5th Cir. 2002) ("The attorney general is required by the MVRA to enforce victim restitution orders aggressively"). The United States actively collected on Harris's debt during the pendency of his appeal.

On June 4, 2020, the United States first moved to have $1700 in Harris's commissary account applied toward his criminal monetary penalties. Doc. 1476. The Court denied the United States' Motion without prejudice for further explanation on both the source of the funds and what constitutes "substantial resources" pursuant to the statute, 18 U.S.C. § 3664(n). Doc. 1478.

Shortly thereafter, on August 11, 2020, the Eleventh Circuit issued an opinion, which among other things, vacated his 18 U.S.C. § 924(c) convictions for which restitution was ordered. This opinion was not docketed in the criminal case.

The undersigned AUSA—albeit inexcusably unaware of the recent Eleventh Circuit's decision—moved again on August 25, 2020, for Harris's commissary account to be applied toward his outstanding debt. Doc. 1483. The defendant—who was also seemingly unaware of the opinion—admitted to owing $8,000 in restitution

but opposed the request because he was enrolled in the Inmate Financial Responsibility Program and making timely quarterly payments. Doc. 1488. The Court granted the United States' Motion on October 7, 2020. Doc. 1490.

On November 25, 2020, the Eleventh Circuit issued a new opinion. Like the earlier opinion, it vacated Harris's 18 U.S.C. § 924(c) convictions. This new opinion, however, was filed in criminal case on December 2, 2020. Doc. 1500. The mandate issued on February 2, 2021. Doc. 1506.

In total, Harris paid $2,090 towards his criminal monetary penalties:

| Date | Payment | Application |
|---|---|---|
| 6/13/2017 | $35.00 | Special Assessment |
| 9/11/2017 | $35.00 | Special Assessment |
| 12/11/2017 | $35.00 | Special Assessment |
| 3/13/2018 | $35.00 | Special Assessment |
| 6/13/2018 | $35.00 | Special Assessment |
| 9/12/2018 | $35.00 | Special Assessment |
| 12/11/2018 | $35.00 | Special Assessment |
| 3/12/2019 | $35.00 | Special Assessment |
| 6/11/2019 | $35.00 | Special Assessment |
| 12/5/2019 | $25.00 | Special Assessment |
| 3/4/2020 | $25.00 | Special Assessment |
| 10/28/2020 | $835.00 | Special Assessment |
| 10/28/2020 | $865.00 | Restitution |
| 3/9/2021 | $25.00 | Restitution |
| | **$2,090.00** | **Total Paid** |

In other words, the United States collected $1,725 of the $2,090 *after* his 18 U.S.C. § 924(c) convictions were vacated. Then, on May 14, 2021—after the mandate issued—the Clerk disbursed $890 to the victim. Harris was resentenced on December 3, 2021, and only ordered to pay an $800 special assessment. Doc. 1680. All funds in the Registry have now been disbursed. Harris's $800 Special Assessment has been satisfied and $400 has been returned to Harris.

## II.      Refund

The United States agrees that Harris is entitled to a refund of $890 in restitution collected from him and disbursed to the victim. Because the Clerk does not have the funds, however, it cannot return them. The United States anticipates that, unless the Court orders otherwise, the Administrative Office for United States Courts will request that the Clerk ask the victim to return the $890 to the Clerk so that it may be returned to Harris. If that were to happen, it would surely be distressing to the victim. For that reason, the Court may direct the Clerk to first seek the money from the Judgment Fund. *See* 31 U.S.C. § 1304. Without an order directing the Clerk to refund the $890 to Harris, the Clerk cannot do so.

### III.    Conclusion

For the foregoing reasons, the United States requests that the Clerk be directed to refund $890 to Harris. To the extent Harris seeks the refund of additional funds, it should be denied.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    *s/ Jillian M. Jewell*
JILLIAN M. JEWELL
Assistant United States Attorney
Florida Bar No. 112974
Financial Litigation Unit
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone:   (813) 274-6065
Facsimile:   (813) 301-3103
E-Mail:  FLUDocket.mailbox@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 7, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record. Additionally, the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:

Nathaniel Harris, Reg. No. 58151-018
USP Atwater
PO Box 019001
Atwater, CA 95301

*s/ Jillian M. Jewell*
JILLIAN M. JEWELL
Assistant United States Attorney