Nathaniel Harris
8:12-cr-205-SDM-SPF-2

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.

NATHANIEL HARRIS

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 8:12-cr-205-SDM-SPF-2
USM Number: 58151-018

Marie-Louise Samuels Parmer, CJA

The defendant was found guilty to Counts One, Special sentencing allegations Thirty-one through Thirty-five of Count One, Two, Seven, Eight, Eleven, Twelve, Thirteen, and Fourteen of the redacted Second Superseding Indictment. Defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | RICO Conspiracy | May 29, 2014 | One |
| 21 U.S.C. §§ 846, 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(D) | Conspiracy to Distribute and to Possess with the Intent to Distribute Less than 50 Kilograms of Marijuana, 5 kilograms of cocaine, and at least 28 grams of Cocaine Base | May 29, 2014 | Two |
| 21 U.S.C. §§ 856(a)(1) and 856(b) 18 U.S.C. § 2 | Maintaining a Place for the Purpose of Manufacturing or Distributing Controlled Substances | April 13, 2011 | Seven |
| 18 U.S.C. §§ 924(c), 924(c)(1)(A)(i) and 2 | Possessing a Firearm During Drug Trafficking Crimes | April 13, 2011 | Eight |
| 18 U.S.C. §§ 922(g)(1) and 2 | Felon in Possession of Ammunition | October 30, 2011 | Eleven |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) 18 U.S.C. § 2 | Possession with Intent to Distribute Cocaine or Cocaine Base | November 2, 2011 | Twelve |
| 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 | Possessing a Firearm During Drug Trafficking Crimes | November 2, 2011 | Thirteen |
| 18 U.S.C. §§ 922(g)(1) and 2 | Felon in Possession of Firearms or Ammunition | November 2, 2011 | Fourteen |

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Nathaniel Harris
8:12-cr-205-SDM-SPF-2

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The convictions on Counts Five, Six, Nine, and Ten are vacated by the Eleventh Circuit Court of Appeals.

The defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant must notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

December 2, 2021

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

December **3rd**, 2021

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BY: C.Roberts

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Case 8:12-cr-00205-SDM-SPF   Document 1701   Filed 04/04/22   Page 3 of 6 PageID 19882
Case 8:12-cr-00205-SDM-SPF   Document 1680   Filed 12/03/21   Page 3 of 6 PageID 19689

Nathaniel Harris
8:12-cr-205-SDM-SPF-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of LIFE consisting of:
Count One: Life
Count Two: Life
Count Seven: 20 years
Count Eleven: 10 years
Count Twelve: 20 years
Count Fourteen: 10 years
All terms are concurrent.

Count Eight: 5 years consecutive to Counts One, Two, Seven, Eleven, Twelve, Fourteen
Count Thirteen: 5 years consecutive to Count Eight

The defendant is remanded back to the custody of the United States Marshal to resume his residence at his place of designation.

## RETURN

I have executed this judgment as follows: _Fully_

Defendant delivered on _MARCH 28, 2022_ to _USP ATWATER_

at _ATWATER, CA_ , with a certified copy of this judgment.

_B M TRATE, WARDEN_
~~UNITED STATES MARSHAL~~

By: _N WEGNER, CSO_
~~Deputy U.S. Marshal~~

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Case 8:12-cr-00205-SDM-SPF   Document 1701   Filed 04/04/22   Page 4 of 6 PageID 19883
Case 8:12-cr-00205-SDM-SPF   Document 1680   Filed 12/03/21   Page 4 of 6 PageID 19690   Page 4 of 6

Nathaniel Harris
8:12-cr-205-SDM-SPF-2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a total term of **FIVE YEARS** consisting of:

Count One: five years
Count Two: five years
Count Seven: five years
Count Eight: five years
Count Thirteen: five years
Count Seven: three years
Count Eleven: three years
Count Twelve: three years
Count Fourteen: three years

All terms are concurrent.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. The defendant must submit to random drug testing not to exceed 104 test per year.
4. The defendant must cooperate in the collection of DNA as directed by the Probation Officer.

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

The defendant must also comply with the additional conditions on the attached page.

Case 8:12-cr-00205-SDM-SPF   Document 1701   Filed 04/04/22   Page 5 of 6 PageID 19884
Case 8:12-cr-00205-SDM-SPF   Document 1680   Filed 12/03/21   Page 5 of 6 PageID 19691   Page 5 of 6

Nathaniel Harris
8:12-cr-205-SDM-SPF-2

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant must report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.

2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.

3. Defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.

4. Defendant must answer truthfully the questions asked by your Probation Officer

5. Defendant must live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant must notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant must notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

6. Defendant must allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant must permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant must try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant must notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

8. Defendant must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.

9. If you are arrested or questioned by a law enforcement officer, Defendant must notify the Probation Officer within 72 hours.

10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant must comply

    with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.

13. Defendant must follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Case 8:12-cr-00205-SDM-SPF   Document 1701   Filed 04/04/22   Page 6 of 6 PageID 19885
Case 8:12-cr-00205-SDM-SPF   Document 1680   Filed 12/03/21   Page 6 of 6 PageID 19692

Nathaniel Harris
8:12-cr-205-SDM-SPF-2

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment | JVTA Assessment |
|---|---|---|---|---|
| $800.00 | N/A | WAIVED | N/A | N/A |

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment must be paid in full and is due immediately.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties must be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant must receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments must be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.